

# COMMONWEALTH of VIRGINIA

Office of the Attorney General

Mark R. Herring
Attorney General

202 North Ninth Street
Richmond, Virginia 23219
804-786-2071
Fax 804-786-1991
Virginia Relay Services
800-828-1120
7-1-1

December 21, 2021

Harold W. Clarke, Director
Virginia Department of Corrections
Post Office Box 26963
Richmond, Virginia 23261

Dear Director Clarke:

      I am responding to your request for an official advisory opinion in accordance with § 2.2-505 of the Code of Virginia.

## Issues Presented

      You ask several questions regarding a provision of House Bill 5148, passed during the 2020 Special Session of the General Assembly, that amends § 53.1-202.3 of the Code of Virginia, effective July 1, 2022. The amendments provide for a new earned sentence credit rate schedule, but limit certain offenses to a maximum of 4.5 earned sentence credits for each 30 days served. Specifically, you ask the following:

1. When considering the language "any felony violation" does this include the completed act, as well as the other offense modifiers: Conspiracy, Attempts, Solicit, Solicit Juvenile to Commit, Accessory Before the Fact and Principal 2nd Degree?

2. If the above modifiers are also excluded from earning the enhanced earned sentence credits, is there language in the legislation excluding the modifiers for Aggravated Murder since § 53.1-202.3 does not specifically list § 18.2-31?

3. Does § 53.1-202.3(A)(10), by legal definition, include § 18.2-67.5 (Felony Attempted Rape, Forcible Sodomy, Object Sexual Penetration, Aggravated Sexual Battery)?

4. In § 53.1-202.3(17), a second or subsequent violation of § 18.2-51 or § 18.2-51.1 while such person was at liberty, would be excluded from the enhanced earned sentence credits. However, would such exclusion apply if the first violation of § 18.2-51 or § 18.2-51.1 was a malicious felonious assault? In the same way, in § 53.1-202.3(17)(g) would § 18.2-92 be excluded if the offender was previously convicted of violating § 18.2-90?

Director Harold W. Clarke
December 21, 2021
Page 2

## Applicable Law and Discussion

House Bill 5148 amends § 53.1-202.3, which prescribes the rate at which an inmate may earn sentence credits. As relevant to your inquiries, the amended version of § 53.1-202.3(A) provides for "[a] maximum of 4.5 sentence credits may be earned for each 30 days served on a sentence for a conviction for any offense" enumerated in the statute.[1]

1. "Felony" Language and Offense Modifiers

You first ask whether the phrase "any felony violation," as it appears in several subsections of the revised statute, includes the substantive completed offense, as well as the following offense modifiers: conspiracy, attempt, solicit, solicit juvenile to commit, accessory before the fact, and principal in the second degree.

Statutory interpretation "begin[s] with the assumption 'that the legislature chose, with care, the words it used when it enacted the relevant statute'" and courts consider their primary objective to be ascertaining and giving effect to the legislature's intent, as expressed by the statute's language.[2] If the statute's language is unambiguous, courts consider themselves "bound by the plain meaning of that language."[3] "[U]nless a literal interpretation . . . would result in manifest absurdity," courts give effect to the intent of legislatures, as expressed by the chosen language.[4] The Supreme Court of Virginia uses the phrase "absurd result" "to describe situations in which the law would be internally inconsistent or otherwise incapable of operation."[5] When a statute is subject to multiple interpretations, courts "apply the interpretation that will carry out the legislative intent behind the statute."[6] Therefore, it is my opinion that the phrase "any felony violation" includes the substantive completed offense.

This analysis also guides my opinion as to offenses committed in the roles of principal in the second degree and accessory before the fact. By statute, "[i]n the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted *and punished* in all respects as if a principal in the first degree," except in limited circumstances.[7] Therefore, it is my opinion that the phrase "any felony violation" includes acting as a principal in the second degree or an accessory before the fact to one who violates any of the enumerated offenses in § 53.1-202.3(A).

---

[1] VA. CODE ANN. § 53.1-202.3(A) (effective July 1, 2022). This and other citations to the Code of Virginia herein are from the electronic version of the Code on LexisNexis and are current through the 2021 Regular Session and Special Session I and II of the General Assembly.

[2] Chapman v. Virginia, 68 Va. App. 131, 136 (2017).

[3] Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007). The context in which a word or phrase is used also guides courts in determining a statute's plain meaning. *Chapman*, 68 Va. App. at 136.

[4] *Conyers*, 273 Va. at 104; *see also* Jacobs v. Wilcoxson, 71 Va. App. 521, 526 (2020) ("[W]hile we look at the words of the statue to determine legislative intent, we will not interpret a statute in a way that leads to unreasonable or absurd results.").

[5] Boynton v. Kilgore, 271 Va. 220, 227 n.9 (2006) (citation omitted).

[6] *Conyers*, 273 Va. at 104.

[7] VA. CODE ANN. § 18.2-18 (emphasis added). This section exempts §§ 18.2-31(A)(2), (A)(10), and (A)(13) from this general rule, and principals in the second degree and accessories before the fact to these aggravated murder provisions are treated as though the offense is first degree murder, which is, itself, a Class 2 felony. *See* VA. CODE ANN. § 18.2-32 (2021).

Director Harold W. Clarke
December 21, 2021
Page 3

With respect to solicitation to commit any of the crimes listed in § 53.1-202.3(A), the legislature explicitly included solicitation to commit murder among the disqualifying offenses in § 53.1-202.3(A)(2). Solicitation is not referenced in any of the other subparagraphs. When the General Assembly includes specific language in one Code provision but omits that language from another, we must presume that the exclusion of the language was intentional.[8] Furthermore, interpreting § 53.1-202.3(A) to implicitly include solicitation to commit any of the listed crimes would render superfluous the explicit reference in § 53.1-202.3(A)(2) to solicitation to commit murder. It is a settled principle of statutory construction that no part of a statute "will be considered meaningless unless absolutely necessary."[9] It is my opinion that an offense for solicitation to commit murder is not eligible for sentence credits, however, other solicitations may be eligible if the solicitation is of an enumerated offense in § 53.1-202.3(A).

Regarding attempts to commit the disqualifying crimes listed in § 53.1-202.3(A), subparagraph 10 includes any "[c]riminal sexual assault punishable as a felony under Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2."[10] Section 18.2-67.5 defines the disqualifying crimes, which include attempted rape, attempted forcible sodomy, attempted object sexual penetration, and attempted aggravated sexual battery. The General Assembly's incorporation of some, but not all, attempts as disqualifying crimes signifies that the legislature's exclusion of any language that would reference attempts to commit other crimes was intentional. Therefore, it is my opinion that the phrase "any felony violation" of the listed criminal statutes includes attempts to commit the felony sexual assaults prohibited by § 18.2-67.5 but does not include attempts to commit the other listed offenses.

2. Aggravated Murder and Offense Modifiers

Second, you ask if the modifiers addressed in the first question are excluded from the enhanced earned sentence credits, and, if so, whether the legislation includes language excluding the modifiers for aggravated murder, since § 53.1-202.3 does not specifically list § 18.2-31.

Section 18.2-31(A) lists the offenses constituting aggravated murder, which is punished as a Class 1 felony.[11] The amended version of § 53.1-202.3 provides for a maximum of 4.5 days of earned sentence credits, per 30 days served, for a Class 1 felony.[12] Thus, the completed act of aggravated murder is excluded from the enhanced earned sentence credits under § 53.1-202.3(A)(1).[13] Solicitation to commit aggravated murder is likewise excluded from the enhanced earned sentence credits.[14]

As discussed earlier, felony principals in the second degree and accessories before the fact are generally punished as if they are principals in the first degree.[15] However, these modifiers are excluded from the enhanced earned sentence credits because aggravated murder is excluded.[16] Accessories before the fact or principals in the second degree to those aggravated murder provisions "shall be indicted, tried,

---

[8] Brown v. Commonwealth, 284 Va. 538, 545 (2012).

[9] Id. at 544.

[10] VA. CODE ANN. § 53.1-202.3(A)(10) (effective July 1, 2022).

[11] Id. § 18.2-31(A).

[12] Id. § 53.1-202.3(A)(1) (effective July 1, 2022).

[13] Id.

[14] VA. CODE ANN. § 53.1-202.3(A)(2) (effective July 1, 2022).

[15] Id. § 18.2-18.

[16] Id.; see VA. CODE ANN. § 53.1-202.3(A)(1) (effective July 1, 2022) (excluding Class 1 felonies).

Director Harold W. Clarke
December 21, 2021
Page 4

convicted and punished as though the offense were murder in the first degree."[17] First degree murder is excluded from the enhanced sentence credits.[18] Therefore, even the aggravated murder provisions excluded from the general rule for principals in the second degree and accessories before the fact, are omitted from the new enhanced sentence credits, by way of the exclusion for first degree murder offenses.

This leaves the conspiracy and attempt modifiers for resolution.[19] There is no direct reference to conspiracy to commit aggravated murder or attempted aggravated murder in § 53.1-202.3(A)(1) or -(A)(2),[20] and these aggravated murder modifiers do not fit within any offenses listed in those subsections. Therefore, an offender convicted of conspiracy to commit aggravated murder or attempted aggravated murder would be permitted to receive enhanced earned sentence credits.

3. Felony Attempted Rape, Forcible Sodomy, Object Sexual Penetration, and Aggravated Sexual Battery

Third, you ask whether § 53.1-202.3(A)(10) includes § 18.2-67.5 which governs felony attempted rape, forcible sodomy, object sexual penetration, and aggravated sexual battery. Under § 18.2-67.5, each of these offenses are felonies.[21] Section 53.1-202.3(A)(10) excludes "[c]riminal sexual assault punishable as a felony under Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2."[22] Therefore, convictions for the offenses outlined in § 18.2-67.5 are excluded from the enhanced earned sentence credits.[23]

4. Section 53.1-202.3(A)(17)

Your final question is whether the exclusion from earning certain credits in § 53.1-202.3(A)(17)(e) applies if an offender's first violation of § 18.2-51 or § 18.2-51.1 was a malicious felonious assault. Similarly, you ask whether a violation of § 18.2-92 would fall under the exclusion from credits in § 53.1-202.3(A)(17)(g) if the offender was previously convicted of violating § 18.2-90.

Section 53.1-202.3(A)(17) allows offenders to earn a maximum of 4.5 sentence credits for each 30 days served on a sentence for a second or subsequent offense violation, but only applies to the offenses listed in that subdivision.[24] Thus, the exclusion in § 53.1-202.3(A)(17)(e) would not apply when an offender's first violation of § 18.2-51 or § 18.2-51.1 was committed maliciously, as malicious violations are not included in § 53.1-202.3(A)(17)(e).[25] Likewise, § 53.1-202.3(A)(17)(g) would not apply where an offender violated § 18.2-92, but only previously violated § 18.2-90, since § 18.2-90 is not an offense listed in § 53.1-202.3(A)(17)(g).[26] Therefore, in the two scenarios that you ask about, the offender would be eligible for the enhanced earned sentence credits.

---

[17] *Id.*

[18] VA. CODE ANN. §§ 18.2-32, 53.1-202.3(A)(2) (excluding "any violation of § 18.2-32").

[19] For reference, conspiracy to commit a Class 1 felony constitutes a Class 3 felony and attempt to commit a Class 1 felony is a Class 2 felony. VA. CODE ANN. §§ 18.2-22(a)(1), -25.

[20] VA. CODE ANN. § 53.1-202.3(A)(1)-(2).

[21] *Id.* § 18.2-67.5(A)-(B).

[22] *Id.* § 53.1-202.3(A)(10) (effective July 1, 2022).

[23] *Id.* Subsection (A)(10) does not, however, cover attempted sexual battery, as it is a misdemeanor.

[24] *Id.* § 53.1-202.3(A)(17) (effective July 1, 2022) ("A second or subsequent violation *of the following offenses* . . . .") (emphasis added).

[25] *Id.* § 53.1-202.3(A)(17)(e) (effective July 1, 2022).

[26] *Id.* § 53.1-202.3(A)(17)(g) (effective July 1, 2022).

Director Harold W. Clarke
December 21, 2021
Page 5

## Conclusion

For the foregoing reasons, it is my opinion that the language "any felony violation," in the context of § 53.1-202.3(A), as amended, includes the completed act prohibited by the enumerated criminal statutes. It also includes acting as a principal in the second degree or accessory before the fact to the primary perpetrator of any listed offense. However, the statute only includes solicitation to commit murder and does not implicitly include solicitation to commit other listed crimes. The statute also includes attempts to commit certain felony sexual assaults listed in § 18.2-67.5, but does not implicitly include attempts to commit the other listed crimes.

The offense of aggravated murder and the aggravated murder modifiers of solicitation, principal in the second degree, and accessory before the fact, are excluded from the enhanced earned sentence credits, but conspiracy to commit and attempted aggravated murder are eligible for the enhanced earned sentence credits. As amended, § 53.1-202.3(A)(10) includes felony violations of § 18.2-67.5. Finally, as amended, the exclusion in § 53.1-202.3(A)(17)(e) does not apply to a second or subsequent violation of §§ 18.2-51 or 18.2-51.1 when the first violation was committed maliciously; and § 53.1-202.3(A)(17)(g) would not apply when an offender violates § 18.2-92, but only previously violated § 18.2-90.

With kindest regards, I am,

Very truly yours,

Mark R. Herring
Attorney General